IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA


ALFRED DANA III,                    )
                                    )    CASE NO. 96-6688-
        Plaintiff,                  )    CIV-GONZALEZ
                                    )
v.                                  )
                                    )
E.S. ORIGINALS, INC.,               )
a New York corporation;             )
K-MART CORPORATION,                 )
a Michigan corporation;             )
STRIDE RITE CHILDREN'S GROUP, INC.,)
a Massachusetts corporation;  and   )
DAYTON HUDSON CORPORATION,           )
a Minnesota corporation,            )
                                    )
        Defendants.                 )
_____)



## FIRST AMENDED VERIFIED COMPLAINT
## FOR PATENT INFRINGEMENT

COMES NOW the Plaintiff, Alfred Dana III (hereinafter referred to as "Dana" or "Plaintiff"), by and through undersigned counsel, and files this Amended Complaint for patent infringement against Defendants, E.S. ORIGINALS, INC., K-MART CORPORATION, STRIDE RITE CHILDREN'S GROUP, INC., and DAYTON HUDSON CORPORATION (hereinafter collectively referred to as "Defendants").   Plaintiff states as grounds therefor:


## NATURE AND STATUTORY BASIS OF ACTION

1.   The claims herein arise under the patent laws of the United States.   Specifically, this is an action for patent infringement arising under 35 U.S.C. §§271, *et seq.*

2.    Jurisdiction over the subject matter is conferred on the Court pursuant to 28 U.S.C. §§1331 (Federal Question), 1332 (Diversity), and 1338 (Patents).

3.    The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

4.    Venue is predicated upon 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

## THE PARTIES

5.    Dana is a citizen of the State of Florida and resides in this district.

6.    On information and belief, Defendant E.S. Originals, Inc. ("ESO") is, and was at all times herein mentioned, a corporation duly organized and existing under the laws of the State of New York, with a principal place of business in New York, New York.

7.    On information and belief, Defendant K-MART CORPORATION ("K-Mart"), is and was at all times herein mentioned, a corporation duly organized and existing under the laws of the State of Michigan, with a principal place of business in Troy, Michigan.

8.    On information and belief, Defendant STRIDE RITE CHILDREN'S GROUP, INC. ("SRCG"), is and was at all times herein mentioned, a corporation duly organized and existing under the laws of the State of Massachusetts, with a principal place of business in Lexington, Massachusetts.

9.    On information and belief, Defendant DAYTON HUDSON CORPORATION ("DHC"), is and was at all times herein mentioned, a

corporation duly organized and existing under the laws of the State of Minnesota, with a principal place of business in Bingham Farm, Michigan.

## BACKGROUND AND HISTORY

10. On March 27, 1978, Dana filed a patent application relating to novel lighted footwear having a solid state oscillator circuit for causing periodic on/off flashing of a light associated with the shoe.

11. On June 26, 1979, U.S. Patent No. 4,158,922 (the "'922 Patent"), relating to flashing footwear, issued in the name of Alfred Dana, III. See, **Exhibit A** attached hereto.

12. For all times germane to this action, Dana was the owner of all right, title, and interest in and to the '922 Patent. On August 11, 1993, Dana assigned "the entire right, title, and interest" in the '922 Patent to third party L.A. Gear, Inc. Dana did not, however, assign to L.A. Gear any rights to sue third parties for acts of infringement prior to August 11, 1993. Dana has never assigned or agreed to assign to L.A. Gear, Inc. or any other person or entity any rights to sue third parties for acts of infringement of the '922 Patent for the period specified herein.

## THE INFRINGEMENT

13. ESO manufacturers, imports, distributes, and/or sells footwear including active footwear such as athletic shoes. On

3

information and belief, ESO manufactured, imported, distributed, and/or sold footwear incorporating flashing light circuitry as disclosed and claimed in the '922 Patent.  On information and belief, Dana alleges that such footwear include, but are not limited to, shoes sold under the names Voit Fireball, Voit Strobe, Voit Tracers, Kaleidoscope (and/or Kaleidoscope Crossfire), Infra-Red Nucleus, Regent Crossfire, Air Knights Crossfire, and Sasson Sparklers (hereinafter the "Infringing Shoes"), which shoes infringe one or more claims of the '922 Patent. On information and belief ESO sold a large number of the Infringing Shoes prior to August 11, 1993.

14.   On information and belief and at all times germane, ESO had actual knowledge of the '922 Patent and of its infringement of the '922 Patent.

15.   Despite said knowledge of the infringing activity, ESO continued to make, use and sell the Infringing Shoes.

**COUNT I**

**PATENT INFRINGEMENT OF U.S. PATENT NO. 4,158,922**

16.   Dana realleges and incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

17.   Dana had the exclusive right to make, use, and sell the inventions disclosed and claimed in the '922 Patent throughout the United States during the time of the infringement set forth herein up to and including August 11, 1993, and has retained the right to sue for any and all infringements under the '922 Patent during the

4

time of the infringement set forth herein occurring prior to August 11, 1993 (hereinafter the "Infringing Period").

18. ESO has knowingly infringed and actively induced infringement of the '922 Patent during the Infringing Period by making, using, and selling, the Infringing Shoes within this Judicial District and throughout the United States, during the Infringing Period, without authority or license from Plaintiff.

19. ESO intentionally and actively induced, caused, and encouraged the infringement of the '922 Patent by encouraging others, including but not limited to Defendants K-Mart, SRCG and DHC, through advertising and other means, to purchase the Infringing Shoes for resale to retail customers during the Infringing Period with knowledge that said acts constituted infringement of the '922 Patent.

20. ESO has profited by its infringing activities.

21. Defendant K-Mart made, used, and/or sold the Infringing Shoes during the Infringing Period thereby generating substantial revenue and profits from its infringing sales.

22. Defendant SRCG made, used, and/or sold the Infringing Shoes during the Infringing Period thereby generating substantial revenue and profits from its infringing sales.

23. Defendant DHC made, used, and/or sold the Infringing Shoes during the Infringing Period thereby generating substantial revenue and profits from its infringing sales.

24. Plaintiff has been damaged by the infringing acts of the Defendants in an amount not less than a reasonable royalty unknown

5

to Plaintiff, but Plaintiff asks leave to insert by amendment the amount of damages herein when the same is ascertained.

WHEREFORE Plaintiff prays that this Court enter judgment against the Defendants and each of them as follows:

(a) that Dana be adjudged to be the owner of all right, title and interest in United States Patent No. 4,158,922 for the Infringing Period;

(b) that United States Patent No. 4,158,922 be adjudged to be valid, enforceable and infringed by each of the Defendants;

(c) that an accounting be had of the damages to Dana resulting from the Defendants' acts of infringement, that such damages be found to be in an amount not less than the sum of One Million Dollars ($ 1,000,000.00) exclusive of interest and costs, and that said damages be increased three times the amount found or assessed pursuant to 35 U.S.C. § 284.

(d) that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Dana be awarded his reasonable attorneys' fees;

(e) that Dana be awarded his costs of this suit; and

(f) that Dana be granted such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.Civ.P. 38(b), Plaintiff hereby renews the demand for trial by jury.

Dated: ___11/21/96___

_Mark D. B_____

Barry L. Haley
Fla. Bar No. 123,351
Mark D. Bown
Fla. Bar No. 29,173
MALIN, HALEY, DIMAGGIO & CROSBY, P.A.
One East Broward Boulevard
Suite 1609
Ft. Lauderdale, FL  33301
Tel: (954) 763-3303
Fax: (954) 522-6507
Attorneys for Plaintiff

I:\9433\LIT\3902.004

7

## VERIFICATION

I, Alfred Dana III, declare under penalty of perjury that the following statements are true:

1.   I am the named inventor of the invention disclosed in U.S. Patent No. 4,158,922 and was the owner of all right, title, and interest in the '922 Patent, and retained the right to sue for any and all infringements under the '922 Patent, during the Infringing Period defined herein.

I hereby certify and declare that all statements made herein of my own knowledge are true and accurate, and that all statements made on information and belief are believed to be true, and further, that these statements were made with the knowledge that willful false statements and the like so made would constitute perjury, and are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

_____
ALFRED DANA III

Sworn to before me by Alfred Dana III this _21st_ day of _Nov._, 1996.

_____
MARCELLA FONTANA
Notary Public,
State of Florida at Large

My commission expires:

OFFICIAL SEAL
Marcella A. Fontana
My Commission Expires
Dec. 9, 1996
Comm. No. CC 245372

MARCELLA FONTANA
Print type or stamp Commissioned
Name of Notary Public

☐   Personally known OR
XXXX   Produced identification
Type of identification produced:   DRIVER'S LICENSE

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **FIRST AMENDED VERIFIED COMPLAINT FOR PATENT INFRINGEMENT** is being deposited with the United States Postal Service in envelopes addressed to attorney for Defendant E.S. Originals, Inc.: Lisa Pieroni, Esq. of Kirschstein, Ottinger, Israel & Shiffmiller, 551 Fifth Avenue, New York, New York 10176; Registered Agent for K Mart Corporation: CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324; Registered Agent for Stride Rite Children's Group, Inc.: CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324 and Registered Agent for Dayton Hudson Corporation: CT Corporation System, 1200 S. Pine Island Road Plantation, Florida 33324 this 21st day of November, 1996.

MALIN, HALEY, DiMAGGIO & CROSBY, P.A.
One East Broward Boulevard
Suite 1609
Fort Lauderdale, FL  33301
Tel: (954) 763-3303
Fax: (954) 522-6507
Attorneys for Plaintiff

By:  _____
Barry L. Haley
Fla. Bar No. 123351
Mark D. Bowen
Fla. Bar No. 29173

I:\9433\LIT\3902.004

CASE NO. 96-6688-CIV-GONZALEZ